### George Reuss v. Charles H. Monroe.

1. INSTRUCTIONS—*when error in, will not reverse.* Notwithstanding error may have intervened in the rulings of the court upon instructions, yet a reversal will not follow where it is clear from a consideration of the entire case that no harm resulted to the complaining party.

Action of assumpsit. Appeal from the County Court of Moultrie County; the Hon. E. D. HUTCHINSON, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed June 28, 1904.

HARBAUGH & THOMPSON, for appellant.

E. J. MILLER, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This suit was brought in the County Court of Moultrie county by appellee Monroe against Reuss to recover commission claimed to be due plaintiff for alleged services rendered in negotiating for defendant a sale of a tract of his land containing 95 acres. It is not questioned that defendant employed plaintiff for that purpose, and that his compensation was agreed upon at one dollar per acre in case he found a purchaser at $75 per acre. Plaintiff found a Mr. Preston who was desirous of buying a farm, and took him out to see the defendant's farm which was situated between

three and four miles distant from the town of Sullivan where plaintiff lived. Preston was willing to pay $75 per acre, but desired to know some details about the terms of sale and plaintiff told him he would go and see Mr. Reuss and let him know in a day or two. Plaintiff went to Bethany where Reuss lived, and met Reuss in a printing office, and there occurred a conversation between plaintiff and defendant relative to the matter between them, of which different and conflicting accounts are given by plaintiff and defendant, and two persons who were present who were called as witnesses by defendant, the substance of which conversation as claimed by plaintiff was that defendant there notified plaintiff that the land was not for sale, and refused to make any sale, and that plaintiff there notified defendant that he had a purchaser ready, and was entitled to his commissions; and, as claimed by defendant, the conversation, in effect, was that plaintiff refused to state who his proposed purchaser was, or to proceed any further unless defendant would enter into a written contract with him for payment of his commissions, which defendant refused to do, and that the conclusion of the whole matter was such as resulted in terminating their relations, both parties declining to go any further and mutually rescinding their contract. Preston, shortly after, called on plaintiff, and was told by plaintiff that Reuss would not give him any terms, and a few days after that he bought the land of Reuss for $75 per acre.

The jury returned a verdict for the plaintiff in the sum of $95 and the court entered judgment against defendant for that amount.

Appellant urges that the verdict is against the evidence, that the court erred in allowing certain testimony on the part of the plaintiff, and in instructions given for plaintiff.

We have read the record at large and briefs of counsel. There was some examination of witnesses that was not strictly proper, but it is clear that no harm came to defendant therefrom. And there were some of the instructions which, standing alone, were not correct, but when all the instructions are taken together it is evident that the jury

were not misled to the defendant's injury.   There would be greater reason for complaint by plaintiff of instructions given on behalf of defendant than there is for complaint by defendant.   The court instructed quite liberally for the defendant.   The evidence was conflicting as to what took place in the printing office.   We cannot undertake to say that the clear weight of it is with the defendant.   We are inclined to think after its careful perusal that the preponderance is with the plaintiff as to what took place there, and that upon the whole evidence the plaintiff is entitled to recover.   We would not disturb a judgment upon this record whether rendered for plaintiff or defendant.

The cost of additional abstract to be taxed against appellant.

The judgment is affirmed.                        *Affirmed.*